IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 11-06828 (ESL) |
| JOSE L.VELEZ ARCAY | |
| Debtor | CHAPTER 13 |
| JOSE L VELEZ ARCAY | ADV. PROC. NO. 12-00396 (ESL) |
| Plaintiff | |
| vs. | |
| BANCO SANTANDER DE PUERTO RICO | |
| Defendant | |

OPINION AND ORDER

This case is before the court upon the *Motion for Summary Judgement and Memorandum of Law in Support Thereof* (the "*Motion for Summary Judgement*", Docket No. 9) filed by the Defendant Banco Santander de Puerto Rico ("Banco Santander" or the "Defendant") arguing that it did not violate the automatic stay when it sought to reopen a foreclosure proceeding pending before the Puerto Rico Court of First Instance, Superior Court of Bayamón, after the confirmation of the Chapter 13 Plan (which included a modification of the automatic stay for Santander to foreclose on the Plaintiff's real property) and obtained a foreclosure judgment that included both *in rem* and *in personam* remedies against the Plaintiff. Also before the court is the *Opposition to Santander's Motion for Summary Judgement* (Docket No. 32) filed by José L. Vélez Arcay (the "Plaintiff" or the "Debtor") arguing that Banco Santander deliberately violated the automatic stay and exceeded the scope of the modification of the Chapter 13 Plan. For the reasons stated below, Banco Santander's *Motion for Summary Judgement* is hereby denied.

Procedural Background

Banco Santander filed a foreclosure complaint against the Debtor at the Puerto Rico Court of First Instance, Superior Court of Bayamón (the "State Court"), Case No. D CD2011-0652 (503), prior to the filing of the bankruptcy petition (Lead Case Docket No. 1).

On August 13 2011, the Plaintiff filed a voluntary Chapter 13 petition (Lead Case Docket No.1). In *Schedules A and D*, he reported a three-bedroom real property located at Edif. IX Gold Village Condo in Vega Alta, Puerto Rico (the "Real Property"), which is encumbered with a mortgage in favor of Banco Santander (Lead Case Docket No. 17, pp. 13 and 22). The meeting of creditors was held and closed on October 12, 2011 (Lead Case Docket No. 27).

On October 25, 2011, Banco Santander filed a secured *Proof of Claim* in the amount of $129,186.67. See Claims Register No. 20-1. The Debtor did not object it.

On February 20 2012, Plaintiff filed an *Amended [Chapter 13] Plan Dated February 20, 2013* (the "*Amended Chapter 13 Plan*", Lead Case Docket No. 66), which was confirmed on March 20, 2012 (Lead Case Docket No. 73). The *Amended Chapter 13 Plan* provided for the modification of the automatic stay so that Banco Santander could foreclose the Real Property (Lead Case Docket No. 66, p. 4).

On July 18, 2012, the Defendant filed a *Motion Requesting Re-Opening of the Case* (Docket No. 37-3, p. 38) and a *Motion in Compliance with Order And Reiterating Request for Judgment Without Hearing* (Docket No. 37-3, p. 16) before the State Court. The Defendant's *Motions* resulted in the State Court entering *Judgment* on July 24, 2012 in favor of Banco Santander for collection of monies and foreclosure of mortgage (Docket No. 37-3, pp. 42-45). In that *Judgment*, the State Court expressly ordered the sale of the Real Property at public auction and "if the proceeds from said sale are insufficient to cover payment, the Bailiff may proceed with the seizure of other goods owned by the [Debtor]". State Court *Judgment in Default*, p. 4 (Docket No. 37-3, p. 45).

On October 30, 2012, the Plaintiff filed the instant adversary proceeding arguing that Banco Santander exceeded the limited scope of the modification to the automatic stay and

willfully violated it. It further alleges that Banco Santander has a significant history of violating automatic stays and discharge orders and has failed to implement an effective policy to assure that its collection personnel comply with the provisions of the Bankruptcy Code. As a result, the Plaintiff seeks actual and punitive damages, legal and attorneys' fees, and that Banco Santander be held in contempt and be ordered to cease and desist from violations of the automatic stay. See the *Complaint*, Docket No. 1.

On December 26, 2012, without answering the *Complaint*, the Defendant filed a *Motion for Summary Judgment* with its corresponding *Statement of Uncontested Material Facts* alleging that the Plaintiff had failed to state a claim upon which relief may be granted because the confirmed *Amended Chapter 13 Plan* provided for lift the automatic stay for Banco Santander to foreclose the Real Property. It further contends that it only requested from the State Court an *in rem* foreclosure relief, not an *in personam* relief, and that it had no control over the contents of the State Court's Default *Judgment*. See Docket Nos. 9 and 9-1.

Initially, the Plaintiff filed a *Motion for Deferment Under Fed. R. Civ. P. 56(d)* on January 22, 2013 alleging that he needed to conduct discovery to file a duly supported opposition (Docket No. 14), which the court granted on February 20, 2013 (Docket No. 23). After conducting the requested discovery, the Plaintiff filed an *Opposition to Santander's Motion for Summary Judgment* on June 28, 2013 (Docket No. 32) arguing that Banco Santander "willfully violated the automatic stay in plaintiff's bankruptcy by submitting a draft judgment to the [S]tate [C]ourt which openly contradicted and exceeded the limited scope of the modification to the automatic stay that allowed this creditor to proceed exclusively with *in rem* relief against the collateral guaranteeing plaintiff's loan with [Banco] Santander" (Docket No. 32, p. 4). The Plaintiff further avers that the Defendant "was the main moving force behind the offending judgment that granted [its] foreclosure and collection of monies action against plaintiff personally and/or any other personal goods of the plaintiff sufficient to satisfy the amounts demanded by [Banco] Santander, that is, beyond the scope of plaintiff's amended plan" (Docket No. 32, p. 4). The Plaintiff did not seek summary judgment relief in his favor.

On August 19, 2013, the Defendant filed a *Reply to Plaintiff's Opposition to Banco Santander's Motion for Summary Judgment* (Docket No. 37) acknowledging that although its local counsel inadvertently submitted a "defective judgment draft", it is the State Court Judge's responsibility to ensure every judgment is correct, not Banco Santander's, and thus it cannot be held accountable for the mistaken *Judgment* against the Plaintiff that included both *in rem* and *in personam* remedies. Banco Santander also insists that its State Court counsel only requested the foreclosure of its collateral *in rem* when it requested the reopening of the case against the Plaintiff in the State Court.

## Material Uncontested Facts

The court proceeds to determine the material uncontested facts pursuant to Fed. R. Civ. P. 56(g)[1], applicable to bankruptcy proceedings through Fed. R. Bankr. P. 7056:

1. Banco Santander filed a pre-petition action in the State Court for foreclosure and collection of monies against the Plaintiff, Case No. D CD2011-0656 (503). See Docket Nos. 9-1, p. 2, and 32-1, p. 2.

2. On August 13, 2011, the Plaintiff filed a voluntary Chapter 13 bankruptcy petition (Lead Case Docket No. 1).

3. On October 25, 2011, Banco Santander filed a secured *Proof of Claim* in the amount of $129,186.67 for its mortgage over the Plaintiff's Real Property. See Claims Register No. 20-1.

4. Banco Santander has a validly registered lien on the Plaintiff's Real Property (Docket No. 33-1, p. 12).

5. Banco Santander is the current owner and holder of the Mortgage Promissory Note, and is also empowered to declare the debt due and payable prior to its due date in case of default. See Docket No. 37-3, p. 43.

---

[1] Fed. R. Civ. P. 56(g) provides as follows:

> If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact --including an item of damages or other relief-- that is not genuinely in dispute and treating the fact as established in the case.

6. The Plaintiff defaulted on the Real Property's mortgage payments since September 1, 2010. See Docket No. 37-3, p. 43.

7. The Plaintiff filed an *Amended Chapter 13 Plan* (Lead Case Docket No. 66), which provided in Section 6(b) as follows:

> Upon confirmation, the stay is … lifted as to the collateral only, to allow lien holder to proceed with *in rem* remedies only. Any allowed claim by a creditor or creditors provided for in this section shall receive no distribution under the plan, as to its secured portion. All payments and deduction regarding the obligation secured by collateral shall immediately cease and shall be stopped by any entity making them or withdrawing them. Any unsecured portion of the claim as filed, or latter filed amending the same to reflect a deficiency balance after surrender, shall be paid as an unsecured claim pursuant to the plan, within the terms and condition of Section 10(c) of this plan.
>
> See Lead Case Docket No. 66, p. 7; Docket No. 37-2, pp. 4-5 and 16.

8. The *Amended Chapter 13 Plan* was confirmed on March 22, 2012 (Lead Case Docket No. 73).

9. On July 18, 2012, Banco Santander filed two separate motions before the State Court requesting that the foreclosure proceedings be reopened and moved forward and for judgment in default to be entered against the Plaintiff. See Docket 37-3, pp. 16-17 and 38. The caption in both motions reads as follows: "Re: Foreclosure of Mortgage (*In Rem*)". The pleadings and prayers for relief in those motions did not seek an *in rem* remedy. Id.

10. The Defendant prepared and submitted to the State Court a judgment draft which the State Court Judge subsequently signed and issued as a *Judgment* on July 24, 2012. Compare Docket No. 33-1, p. 5, ¶ 12, and pp. 23-26, with Docket No. 37-3, pp. 34-37 and pp. 42-46. The State Court's *Judgment* in favor of Banco Santander, as prepared by the Defendant, expressly ordered the sale of the Real Property at public auction and "if the proceeds from said sale [were] insufficient to cover payment, the Bailiff may

proceed with the seizure of other goods owned by the [Debtor]". State Court *Judgment in Default*, p. 4 (Docket No. 37-3, p. 45).

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Applicable Law & Analysis

*(A)     Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) and Motions for Summary Judgment*

Although the Defendant did not expressly seek dismissal under Fed. R. Civ. P. 12(b)(6), applicable in bankruptcy proceedings through Fed. R. Bankr. P. 7012, the requested remedy is precisely the one provided in that rule ("failure to state a claim upon which relief can be granted"). See the conclusion of the *Motion for Summary Judgment*, Docket No. 9, p. 5. Thus, the court will first review the Defendant's *Motion for Summary Judgment* under that rule, considering that the Defendant did not file an answer to the *Complaint*.

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer. See Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita Acosta v. Reparto Saman Inc. (In re Surita Acosta), 464 B.R. 86, 90 (Bankr. D.P.R. 2012). Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556

U.S. 622 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio–Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. Also see Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561 at **9-10 (Bankr. D.P.R. 2013); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 140 (D. Mass. 2012).

In the instant case, the *Complaint* is factually well-pleaded. Furthermore, after drawing all the reasonable inferences from the Plaintiff's allegations in his favor, the court finds he has plausible claim for relief for the reasons stated below.

A Fed. R. Civ. P. 12(b)(6) motion to dismiss may be considered as a motion for summary judgment. See Fed. R. Civ. P. 12(d). Thus, the court will proceed to examine the Defendant's *Motion for Summary Judgment* under Fed. R. Civ. P. 56, applicable to this adversary proceeding through Fed. R. Bankr. P. 7056.

Summary judgment should be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). "The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d, Vol 10A, § 2712 (2013). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. Also see Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). Also see Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

While Fed. R. Civ. P. 56(a) authorizes a party to move for summary judgment on all or part of the claims or defenses being asserted, Fed. R. Civ. P. 56(g)[2] provides that if summary

---

[2] See footnote no. 1, *supra*. Fed. R. Civ. P. 56(g) was previously covered by former Fed. R. Civ. P. 56(d)(1) prior to the 2010 Amendments.

judgment is not granted, the court can determine if there are material facts which are genuinely not in dispute, and establish those facts as undisputed for trial.

In the instant case, the uncontested facts are supported from the uncontested documents and sworn statements in the record. While the Defendant's *Motion for Summary Judgment* is denied for the reasons stated below, the court has determined the facts that are uncontested pursuant to Fed. R. Civ. P. 56(g).

*(B) The Automatic Stay Afforded in 11 U.S.C. § 362(a)*

"The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code." Otero López v. Dep't of Treasury (In re Otero López), 492 B.R. 595, 601 (Bankr. D.P.R. 2013). It gives the debtor a "breathing spell" from creditors and stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. Also see Rodríguez Ramos v. BPPR (In re Rodríguez Ramos), 493 B.R. 355, 362 (Bankr. D.P.R. 2013); In re Otero López, 492 B.R. at 601; ICC v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir. 1991); In re Smith Corset Shops, Inc., 696 F.2d 971, 977 (1st Cir. 1982). "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." ICC v. Holmes Transp., Inc., 931 F.2d at 977. Section 362 of the Bankruptcy Code provides that upon filing for bankruptcy, a debtor is immediately protected by an automatic stay that prohibits, *inter alia*, the "continuation ... or other action or proceeding against the debtor that was or could have been commenced before the [bankruptcy petition] or to recover a claim against the debtor that arose before the commencement of the case under this title" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case..." 11 U.S.C. §§ 362(a)(1) and (a)(6). "This respite enables debtors to resolve their debts in a more orderly fashion and at the same time safeguards their creditors by preventing different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all

in which opposing interests maneuver to capture the lion's share of the debtor's assets." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997) (citations omitted).

In the instant case, the pre-petition State Court foreclosure proceedings filed by Banco Santander against the Plaintiff were automatically stayed upon the Debtor's filing for bankruptcy on August 13, 2011 (Lead Case Docket No. 1) under 11 U.S.C. § 362(a).  The stay remained in effect until the confirmation of the *Amended Chapter 13 Plan,* which included a modification of the automatic stay for Banco Santander to only proceed with the *in rem* foreclosure of the Real Property.  See Lead Case Docket No. 66, p. 7; Docket No. 37-2, pp. 4-5 and 16.

*(C)      Violation of the Automatic Stay*

The automatic stay imposes on non-debtor parties an affirmative duty of compliance. Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010); In re Otero López, 492 B.R. at 607. To ensure compliance, Section 362(k) of the Bankruptcy Code provides the necessary means to redress violations of the stay: "an individual injured by a willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages".  11 U.S.C. § 362(k)(1).  "A debtor seeking damages under this section bears the burden of proving by a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577-578 (B.A.P. 1st Cir. 2012), citing In re Panek, 402 B.R. 71, 76 (Bankr. D. Mass. 2009).  "A willful violation does not require a specific intent to violate the automatic stay."  In re Otero López, 492 B.R. at 607. "The standard for a willful violation of the automatic stay ... is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortgage Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999).  "The debtor has the burden of providing the creditor with actual notice.  Once the creditor receives actual notice, the burden shifts to the creditor to prevent violations of the automatic stay." Id. at 269.  "In cases where the creditor

received actual notice of the automatic stay, courts must presume that the violation was deliberate." Id. at 269.

In the instant case, it is undisputed that Banco Santander was duly notified of the Plaintiff's bankruptcy petition and was duly included in the list of creditors. See Lead Case Docket Nos. 17, p. 45, and 30. In fact, when Banco Santander filed the *Motion Requesting Reopening of the Case* at the State Court, it expressly stated as follows:

> [O]n March 22, 2012 an *Order* was issued in the Federal Bankruptcy Court where in Plaintiff's Plan was confirmed. In what is relevant, defendants proposed, and were accepted to modify the automatic stay prescribed in the Bankruptcy Code as to Banco Santander Puerto Rico, so that the appearing party could execute its mortgage guarantee. Banco Sandander's *Motion Requesting Reopening of the Case*, Docket No. 37-3, p. 38, ¶ 1.

Thus, when Banco Santander sought to reopen the State Court case and obtain a default *Judgment* against the Plaintiff, it was in actual knowledge of the provisions and extent of the automatic stay, as modified through the confirmed *Amended Chapter 13 Plan* (Lead Case Docket Nos. 66 and 73). In other words, Banco Santander had actual knowledge that the only remedy it was allowed to seek in the State Court was an *in rem* foreclosure judgment, not an *in personam* collection of monies against the Debtor.

Banco Santander alleges that it only sought an *in rem* remedy against the Debtor in the *Motion Requesting Reopening of the Case* and in the *Motion ... Reiterating Request for Judgment Without Hearing* filed at the State Court because in the caption of both motions it stated "Foreclosure of Mortgage (*In Rem*)" (Docket No. 37-3, pp. 16 and 38). Nevertheless, the caption of a motion is not part of the pleading. See Jackson v. Ashton, 33 U.S. 148, 149 (1834) ("the title or caption of the bill is no part of the bill"); Nordic Sugar Corp. v. Maine Guarantee Authority, 447 A.2d 1239, 1241 (Supreme Judicial Court of Maine 1982) ("the court will look to substance of motion"); Lund ex rel. Wilbur v. Pratt, 308 A.2d 554, 557 (Supreme Judicial Court of Maine 1973) ("the caption is not part of the pleadings"); Gulf Ins. Co. v. Hennings, 283 S.W.3d 381, 387 (Tex. App. Waco 2008) ("substance of [a] motion is not determined solely from its caption or introduction, but instead is gleaned from [the] body of [a] motion and prayer

for relief"). It then follows that "[t]he substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Jeans.com, 491 B.R. 16, 26 (Bankr. D.P.R. 2013), quoting from In re Lozada Rivera, 470 B.R. 109, 112-113 (Bankr. D.P.R. 2012). Also see Tenucp Prop. LLC v. Riley (In re GCP CT Sch. Acquisition, LLC), 429 B.R. 817, 826 (B.A.P. 1st Cir. 2010) ("[t]he substance of the motion, not the form, governs"); United States v. Hart, 933 F.2d 80, 84 (1st Cir. 1991) ("title given to a motion or an appellant's version of any legal action does not control its meaning"); Hasbrouck v. Texaco, 879 F.2d 632, 635 (9th Cir. 1989) ("[t]he nomenclature the movant uses [to title or caption a motion] is not controlling"); Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005) (courts "must look beyond the motion's caption to its substance"). The same principle applies in Puerto Rico. See Figueroa Ferrer v. Commonwealth of PR, 7 P.R. Off. Trans. 278, 281, 107 D.P.R. 250, 258 (1978) ("[t]he caption of a case does not determine its nature"). Thus, this court must discard the captions of Banco Santander's motions and examine instead their substance, pleadings and prayers for relief.

Contrary to Banco Santander's contention, neither the *Motion Requesting Reopening of the Case* or the *Motion ... Reiterating Request for Judgment Without Hearing* (Docket No. 37-3, pp. 16-17 and 38) requested the State Court to only enter an *in rem* judgment to foreclosure on the Real Property. Quite the opposite: in its *Motion ... Reiterating Request for Judgment Without Hearing*, Banco Santander expressly requested the State Court to "enter judgment in default against the defendants" upon the allegations of its foreclosure complaint (Docket No. 37-3, p. 16, ¶ 5), which included an *in personam* collection of monies through the seizure of other goods owned by the Debtor (Docket No. 37-3, pp.42 and 46). As a result, this court concludes that Banco Santander's motions constitute a deliberate violation of the automatic stay[3]. Fleet Mortgage Group v. Kaneb, 196 F.3d at 269. Thus, as a matter of law, the Defendant is not entitled to summary judgment in its favor.

---

[3] Because in the instant case the pleadings and prayers for relief in the motions filed by Banco Santander at the State Court are dispositive, the court does not need to consider the argument of whether the Defendant violated the automatic stay by preparing and submitting to the State Court a defective judgment draft that included both *in rem* and *in personam* reliefs.

Conclusion

For the reasons stated herein, Banco Santander's *Motion for Summary Judgment* is hereby denied as a matter of law. The court cannot enter partial summary judgment in the Plaintiff's favor because he did not request it. Notwithstanding, based on the uncontested facts determined herein under Fed. R. Civ. P. 56(g), the court hereby orders the Defendant to show cause within 14 days why partial summary judgment should not be entered in favor of the Plaintiff regarding Banco Santander's willful violation of the automatic stay in light of the analysis of the instant *Opinion and Order*.

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of September, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge

-14-